**GEORGE E. McCASKILL v. CITY OF HOMESTEAD, a municipal corporation under the laws of Florida, et al.**

36 So. (2nd) 272

July 6, 1948

Rehearing denied July 28, 1948

June Term, 1948

Division A

*George E. McCaskill,* for appellant.

*Ira C. Haycock,* for appellee.

CHAPMAN, J.:

On this appeal the contention is made that the Chancellor below committed reversible error by dismissing on final hearing the amended bill of complaint brought against the City of Homestead seeking a decree of cancellation of assessments made by the officials of the City of Homestead against described lands of appellant for the years 1938 to 1944, both inclusive, for various reasons, among which are the following: (1) the city failed to ascertain each year and make a correct record thereof the exact amount necessary to be raised by taxation; (2) failed to select and designate a newspaper in which to advertise for sale delinquent taxes; (3) failed to fix

the amount to be collected by the Tax Collector; (4) fees of 15 cents and 30 cents per line for advertisement were illegal; (5) various grounds of the illegal assessments for each of the years supra; (6) parts of the lands described in certain certificates were by the appellant dedicated to the public and the assessments on the lands actually dedicated should be cancelled; (7) the lands were assessed at more than the cash value thereof; (8) other irregularities and procedural defects in assessments as are set out in the amended bill of complaint.

We have given careful consideration to the issues made by the pleadings and the authorities cited and relied upon for a reversal have been examined. It is not contended that the city was without power to make the assessments challenged here, but that the arbitrary manner in which the power was exercised, coupled with the irregularities or procedural defects or the failure and neglect of the oficials of the city to observe or conform to the plain requirements of the applicable law, necessitates a reversal.

It is not disputed that the appellant by the dismissal order is required to pay assessments on lands which appear by him to have been dedicated to the use of the public. As to the lands so dedicated by the appellant the value of the assessments on the dedicated portions should be calculated and the amount determined and deducted from the total amount of the taxes found to be due.

The order of dismissal appealed from is so modified as to authorize a calculation as above stated and a credit allowed therefor. Each of the parties shall pay one-half of the costs of this appeal. The order of dismissal is modified as above set out and stands affirmed as modified.

THOMAS, C. J., TERRELL and SEBRING, JJ., concur.